# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Cause No. 1:09-cr-141-WTL-KPF-2 |
| CANDIDO NOLASCO-CANO, | ) ) ) | |
| Defendant. | ) ) | |

## ENTRY ON MOTION TO DISMISS

Before the Court is the Defendant's Motion to Dismiss (Docket No. 118). This motion is fully briefed, and the Court, being duly advised, now **GRANTS** the motion for the reasons set forth below.

## I. LEGAL STANDARD

There is very little case law regarding a defendant who was assumed to be an adult but who later challenges that status. Courts overwhelmingly seem to conclude that the initial burden of proving a defendant's age falls on the Government, which must offer *prima facie* evidence of a defendant's adult status. Once the Government has met its burden, the defendant may produce evidence of his juvenile status. If the defendant comes forward with such evidence, then the Government has an opportunity to rebut with additional information. *See United States v. Alvarez-Porras*, 643 F.2d 54, 66-67 (2d Cir. 1981). After receiving all of the evidence, the Court must determine, by a preponderance of the evidence, the date on which the defendant was born.

## II. BACKGROUND

The Defendant, Candido Nolasco-Cano, was arrested on September 3, 2009, and charged with conspiracy to distribute more than fifty grams of methamphetamine in violation of 21

U.S.C. §§ 841(a)(1) and 846. Subsequently, a grand jury returned an indictment charging Nolasco-Cano with: (1) conspiracy to possess with intent to distribute and/or distribute fifty grams or more of methamphetamine; (2) distribution of five grams or more of methamphetamine; and (3) distribution of fifty grams or more of methamphetamine.

In October 2010, Nolasco-Cano filed a motion to dismiss (Docket No. 118), claiming that he was only seventeen at the time of his arrest. In support of his motion, Nolasco-Cano submitted a copy of his Mexican civil registration, which lists his date of birth as December 16, 1991. The Mexican consulate has opined that "it appears that this particular document is a valid one." Docket No. 118 Ex. 1 at 1.

In response to Nolasco-Cano's motion to dismiss, the Government alleges that the Defendant "who is an alien illegally and unlawfully in the United States, is attempting to perpetrate a fraud upon the Court by claiming that he was seventeen at the time of his arrest." Docket No. 119 ¶ 3. The Government cites two instances in which Nolasco-Cano told state law enforcement agents that his date of birth was December 16, 1985. In addition, the Government provides a copy of a state court "Criminal History Index" which indicates that Nolasco-Cano was born in 1985. *See* Docket No. 119 Ex. 1. Finally, the Government notes that during the instant investigation Nolasco-Cano told pretrial service workers that he was born in 1985.

### III. DISCUSSION

Nolasco-Cano does not argue that the Government failed to satisfy its initial burden and the Court concludes that there was indeed sufficient evidence to believe that Nolasco-Cano was born in 1985 and was twenty-three years old on the date of his arrest. On two prior occasions Nolasco-Cano told Indiana law enforcement officials that he was born in 1985. In addition, after

being arrested in this case, Nolasco-Cano again told pretrial services that he was born in 1985. The Government has also submitted a state record in which Nolasco-Cano gave his date of birth as December 16, 1985. *See* Docket No. 119 Ex. 1.

However, Nolasco-Cano has now produced *prima facie* evidence that his date of birth is actually December 16, 1991. In support of this assertion he has submitted a copy of his Mexican civil registration, which the Mexican consulate has certified as apparently valid. In its response to the motion to dismiss, the Government relies once again on Nolasco-Cano's previous statements to law enforcement and pretrial services officials, as well as a state record.

Although the parties have presented very little evidence on the issue, the Court concludes that the preponderance of the evidence supports finding that Nolasco-Cano's birth date is December 16, 1991, and he was, at the time of his arrest, seventeen years old. Critical to the Court's decision is the fact that Nolasco-Cano has produced an apparently valid civil registration that lists his date of birth as December 16, 1991. This is the only official documentation of Nolasco-Cano's birth, and in the Court's opinion, it is determinative in this instance.

## CONCLUSION

For the reasons stated herein, the Defendant's Motion to Dismiss (Docket No. 118) is **GRANTED**.

SO ORDERED: 11/03/2010

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Timothy J. Burns
timothyburns@110lawoffice.com

Barry D. Glickman
United States Attorney's Office
barry.glickman@usdoj.gov

U.S. Marshals Service

U.S. Probation Office